# EXHIBIT A

HALIFAX CIRCUIT COURT
10TH JUDICIAL CIRCUIT OF VIRGINIA

Shawon T. Coles,
1325 Irish Street
South Boston, VA 24592
Plaintiff

Case No. 083CL1800086900

v.

Bank of America, N.A.,
407 Cox Road STE 285
Glen Allen, VA 23060
Defendant

---

## COMPLAINT FOR BREACH OF CONTRACT, NEGLIGENCE, SPECIFIC PERFORMANCE, PRELIMINARY INJUNCTIVE RELIEF AND RELATED RELIEF

COMES NOW PLAINTIFF Shawon T. Coles, pro se, having possession and owner of real property located at 1325 Irish Street South Boston, VA 24592 filing complaint against defendants Bank of America N.A. ("BofA") registered agent address 4701 Cox Road STE 285 Glen Allen, VA 23060 for breach of contract, negligence, specific performance, preliminary injunctive relief, and other related relief. In support thereof, Shawon T. Coles states as follows:

### Statement of Case

1. Shawon T. Coles, pro se, in this complaint is referenced as Plaintiff.

2. Bank of America N.A. (BofA), in this complaint is referenced as Defendant.

3. On or about December 15, 2017, Defendant was sent payment in full for loan number #68998002156399, in the amount of $18,776.19.

4. On or about January 2, 2018, Defendant sent letter to Plaintiff stating that Defendant had received full payoff for loan number #68998002156399. **See exhibit A.**

5. On or about January 2, 2018, Plaintiff received the original note from Defendant marked "Paid in Full". **See exhibit B**.

6. On or about March 21, 2018, Plaintiff faxed a copy of the payoff letter and original note marked "Paid in Full" to Defendant in order for Plaintiff's account to reflect loan has been paid off.

7. On or about April 12, Plaintiff again faxed a copy of the payoff letter and original note marked "Paid in Full" to Defendant in an attempt to have the account reflect paid status and to have Defendant report account paid off to three credit reporting agencies.

8. On or about June 18, 2018, Plaintiff mailed to Defendant a Notice of Default and Opportunity to Cure letter sent certified mail number 7015 0640 0007 5183 9570. **See exhibit C**.

9. On or about July 30, 2018 Plaintiff received letter from Defendant stating Defendant received correspondence from Plaintiff (see line 8) on June 25, 2018 stating that Defendant never received payments from December 2017 to July 2018. **See exhibit D**.

10. On or about August 17, 2018, Plaintiff received letter that Defendant received correspondence on July 31, 2018 concerning Notice of Intent to Sue sent certified mail number 9590 9402 4000 8079 5579 95. **See exhibit E and F**.

11. On or about August 22, 2018, Plaintiff received letter stating "Notice of intent to accelerate" date August 16, 2018. Defendant states that if alleged balance is not cured by September 25, 2018 it may result in acceleration of the sums secured by the security instrument and sale of the property. **See exhibit G and H**.

12. On or about September 12, 2018, Plaintiff receives bill from Defendant. **See exhibit I**.

13. Plaintiff's credit is still negatively and adversely affected because of Defendant's breach
of contract and negligence from February to September 2018. **See exhibit J, K, L, M.**

## Count I – Preliminary Injunction to Stop Foreclosure of Plaintiff's Real Property

**As stated in above lines 1-13, Plaintiffs seeks a preliminary injunction to prevent
Defendant's from foreclosing on Plaintiff's property. For preliminary relief, a
plaintiff must show "(1) that he is likely to succeed on the merits, (2) that he is likely
to suffer irreparable harm in the absence of preliminary relief, (3) that the balance
of equities tips in his favor, and (4) that an injunction is in the public interest."
*Wings, LLC* v. *Capitol Leather, LLC*, No. CL–2014–9, 2014 WL 7686953, at \*5 (Va.
Cir. Mar. 6, 2014) (quoting *Winter* v. *Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 20
(2008)).**

**Because the "purpose of a preliminary injunction is merely to preserve the relative
positions of the parties until a trial on the merits can be held[,] . . . a preliminary
injunction is customarily granted on the basis of procedures that are less formal and
evidence that is less complete than in a trial on the merits." *G.G. ex rel. Grimm* v.
*Gloucester Cnty. Sch. Bd.*, 822 F.3d 709, 725 (4th Cir. 2016) (quoting *Univ. of Tex. v.
Camenisch*, 451 U.S. 390, 395 (1981)), *vacated on other grounds*, 137 S.Ct. 1239
(2017). For instance, in ruling on a motion for preliminary injunction, courts may
consider "hearsay or other inadmissible evidence," *id.* at 726, and assertions made
by affidavit, *Wood* v. *City of Richmond*, 148 Va. 400, 408 (1927); *see also* Va. Code §**

**8.01-628 (providing that "[a]n application for a temporary injunction may be**

**supported or opposed by an affidavit").**

14. The allegations in statements 1 through 13 are incorporated herein by reference as if set forth in their entirety.

15. This court has the power pursuant to Virginia Code §8.01- 620 & 622 the issuance of injunctive relief to prohibit Defendant from initiating a foreclosure sale beginning September 25, 2108. **See exhibit G and H.**

16. Plaintiff is likely to succeed in merits by supplying evidence that the loan/contract was paid off. **See exhibit A and B.**

17. Plaintiff is likely to suffer irreparable harm by losing real property in the absence of preliminary relief. Money damages alone will not restore Plaintiff's threatened loss. **See exhibit G and H.**

18. In addition to the harms described above, Plaintiffs would be subjected to additional burdens if their requested relief were denied. Plaintiff will continue to be billed, have accounts report negatively/adversely to the three major credit reporting bureaus, and face possible foreclosure. **See exhibit G through M.**

19. Granting of preliminary injunction will not contravene public interest.


**Count II – Breach of Contract**

Elements of a breach of contract are (1) existence of a contract (2) acts of the defendant that constitute breach of contract and (3) damages to Plaintiff resulting from Defendant's breach.

20. The allegations set forth in statements 1-19 above, where not inconsistent with the following are incorporated herein by reference as if set forth in their entirety.

21. As explained above, Defendant breached terms of agreement by failing to update Plaintiffs account to reflect paid in full zero balance. Plaintiff and Defendant have an enforceable contract and Plaintiff was damaged/injured when Defendant continues to bill and report Plaintiff's account negatively/adversely to credit bureaus. **See exhibit A, B, J.**

**Count III – Negligence**

Elements of negligence is when (1) a defendant owes plaintiff a legal duty to exercise reasonable care (2) defendant breached duty of care (3) plaintiff was damaged as a direct result of that breach.

22. The allegations set forth in statements 1-21 above, where not inconsistent with the following are incorporated herein by reference as if set forth in their entirety.

23. Defendant owes Plaintiff a legal duty to exercise reasonable care when Plaintiff submitted numerous times evidence of payoff. Because of Defendant's negligence in accounting error, Plaintiff continues to have negative/adverse credit lines. **See exhibit A, B, and J through M.**

24. Defendant breached duty of care and continues to bill Plaintiff with interest disregarding previous faxes and mailings of evidence that account has been paid in full. **See exhibit A, B, and I**

25. Plaintiff credit has been damaged from February 2018 through September 2018. **See exhibit J.**

## Count IV- Specific Performance

Elements of specific performance (1) existence of contract (2) plaintiff performance of all conditions (3) defendant's refusal to perform (4) absence of an adequate remedy at law (5) plaintiff has suffered damages as a direct result.

26. The allegations set forth in statements 1-25 above, where not inconsistent with the

    following are incorporated herein by reference as if set forth in their entirety.

27. Defendant has refused to update Plaintiff's account to reflect paid in full zero balance. **See exhibit C through M**.

## RELIEF REQUESTED

**WHEREFORE** Plaintiff prays that this Court enter an Order awarding a Judgment in favor of Plaintiff awarding monetary punitive damages against Defendant as the court sees reasonable; in addition, Plaintiff seeks preliminary/temporary injunction and specific performance upon the issues presented by Plaintiff and any other relief deemed just and proper.

Respectfully submitted this 19th day of September 2018.

Shawon T. Coles-Petitioner/Plaintiff
1325 Irish Street
South Boston, VA 24592

Exhibit 4



Bank of America
4951 Savarese Circle
FL1-907-01-20
Tampa, FL 33634

January 02, 2018

Shawon T Coles
1325 Irish St
South Boston VA. 24592-2601

Account:            XXXXXXXXXX6399
Property Address:   1325 Irish St South Boston, VA. 245922601

Dear Shawon T Coles,

## We received a full payoff for this loan

Our records show that Bank of America has received a full payoff of your promissory note, home equity agreement, or other instrument of indebtedness (referred to as "Note" in this letter) for the loan listed above.

### What you should know

☐ Enclosed is the original Note marked "paid."

☐ Enclosed is a copy of the Note marked "paid." Based on our records, the original Note has been lost or destroyed.

☐ We are unable to locate the original Note or a copy. Based on our records, the original Note has been lost or destroyed.

We are providing you this letter for your records.

### Questions?

We appreciate the opportunity to serve your financial needs. If you have any questions, please call us at 800.669.4807  Monday through Friday 7 a.m. - 10 p.m. Eastern.

**Exhibit B** (handwritten)

# BANK OF AMERICA EQUITY MAXIMIZER AGREEMENT
## AND DISCLOSURE STATEMENT

**Property Serving as Security (the "Property"):** 1325 IRISH ST, SOUTH BOSTON, HALIFAX, VIRGINIA 24592-2601
**Borrower's Name and Address:** SHAWON T COLES, 1325 IRISH ST, SOUTH BOSTON, VIRGINIA 24592-2601

**Lender's Name and Address:** Bank of America, NA, National Banking Association, 100 North Tryon Street, Charlotte, North Carolina 28255

**Date:** JUNE 1, 2007
**Loan Number:** Redacted
**Maturity Date:** JUNE 1, 2032.
**Credit Limit:** $ 36,500.00

**Annual Percentage Rate:** 8.9900
**Margin:** .7400
**Max. Interest Rate:** 24.0000

**Draw Period:** 120 Mos.
**Repayment Period:** 180 Mos.
**Billing Cycle:** MONTHLY

**1. Introduction.** This Bank of America Equity Maximizer Agreement and Disclosure Statement ("Agreement") governs your Home Equity Line of Credit Account (your "**Credit Line**" or "**Account**") with the lender named above ("**Lender**"). Your Account is a revolving credit arrangement in which we make loans to you by advancing funds ("**Advances**") at your direction, allowing you to repay those Advances and take additional Advances, subject to the terms of this Agreement. This Agreement will remain in full force and effect notwithstanding that the Account Balance under the Agreement may occasionally be reduced to an amount equal to or less than zero.

In this Agreement, the terms "we," "us," "our" and "Bank" refer to the Lender or to any subsequent assignee or transferee. Except as noted below, the terms "you," "your," "yours" and "Borrower" refer to each person that signs this Agreement or has authority to use the Credit Line. Read this Agreement carefully so that you know how your Account works and keep a copy of this Agreement for your records.

**2. Borrower's Promise to Pay.** You promise to pay to Lender the total of all Advances plus FINANCE CHARGES, together with all fees and charges under the terms of this Agreement. You will pay your Account according to the terms set forth below. If there is more than one Borrower, each is jointly and severally liable on this Agreement. This means we can require any Borrower to pay all amounts due under this Agreement, including credit advances made to any Borrower. Each Borrower authorizes any other Borrower, on his or her signature alone, to cancel the Credit Line, to request and receive credit advances, and to do all other things necessary to carry out the terms of this Agreement. We can release any Borrower from responsibility under this Agreement, and the others will remain responsible.

**3. Term.** The term of your Account will begin as of the date of this Agreement ("**Opening Date**") and will continue until all indebtedness under this Agreement, if not already paid pursuant to the payment provision below, will be due and payable upon maturity. The Draw Period of your Account will begin on the date after the Opening Date, when this Agreement is accepted by us in the State of North Carolina, following the perfection of the Security Instrument and the meeting of all of our other conditions and will continue for one hundred and twenty (120) months. You may obtain credit advances during the Draw Period. After the Draw Period ends, the Repayment Period will begin, and you will no longer be able to obtain credit advances. The length of the Repayment Period is one hundred and eighty (180) months depending on the repayment schedule set forth below. You agree that we may renew or extend the period during which you may obtain credit advances or make payments.

**4. Credit Limit.** This Agreement covers a revolving line of credit for the principal amount of     THIRTY-SIX THOUSAND FIVE HUNDRED AND 00/100 DOLLARS($       36,500.00) which will be your Credit Limit under this Agreement. You may not request an Advance from your Account that would cause your outstanding balance of Advances to exceed your Credit Limit nor are we obligated to pay any Advance request that would cause your outstanding balance of Advances to exceed your Credit Limit. If we do make an Advance that causes your outstanding balance of Advances to exceed your Credit Limit, this will not constitute an increase in your Credit Limit. You agree to immediately repay the amount by which your outstanding balance of Advances exceeds your Credit Limit.

**5. Security.** All amounts due under the Account are secured by a mortgage, deed of trust, or security deed ("**Security Instrument**") on the Property identified on page one of this Agreement. Borrower agrees to pay all amounts due, and perform all covenants and obligations required of Borrower under the Security Instrument. If it becomes necessary for us to advance funds to you above the Credit Limit to protect our security interest, those amounts in excess of the Credit Limit will be owed by you and will be secured by the Security Instrument unless Applicable Law prohibits the same. The Security Instrument and this Agreement are related documents and a default under either document will be treated as a default under both documents. To the extent permitted by Applicable Law, the lien of the Security Instrument will continue and will have the same priority if, with your consent, we renew, extend, amend, modify or substitute this Agreement. In such event, you agree to execute any additional documents necessary to achieve the action being taken.

**6. Terms And Definitions.** The following terms are defined as set forth in this Section. Other terms are defined elsewhere in this Agreement.

**A.** "**Billing Cycle**" is an interval of time that occurs regularly during the term of this Agreement and is used to determine the FINANCE CHARGES and other fees, charges, and credit insurance premiums that are due on your Account. The number of days in each Billing Cycle may vary from time to time. A Billing Cycle occurs regardless of whether there is a balance or any activity on your Account. Your Billing Cycle is stated on page 1 of this Agreement.

**B.** "**Billing Statement**" is a statement that we will furnish to you periodically that provides important information regarding your Account activity.

**C.** "**Credit Limit**" is the maximum aggregate amount of principal that we will extend to you under this Agreement. Your Credit Limit may change under certain circumstances. Your Credit Limit is stated on page 1.

**D.** "**Draw Period**" is the period of time during which you may request Advances from your Account. The Draw Period is stated on page 1.

**E.** "**Maturity Date**" is the date on which the entire Account Balance under this Agreement is due. The Maturity Date of your Account is stated on page 1.

**F.** "**Minimum Payment**" is the minimum amount you must pay on your Credit Account, as reflected on each periodic Billing Statement for each Billing Cycle. Your Minimum Payment during the Draw Period and during the Repayment Period will be calculated as described below under the heading "Payments."

Exhibit C

## Notice of Default and Opportunity to Cure

Obligor

Property

## Statement of Facts

Shawer, Cales

18     June

Shawon  Cales



C3_10058_10/10/2017

Bank of America
NC 001-58-16
404 N TRYON STREET
CHARLOTTE, NC 28255-0001

MR SHAWON COLES
725 IRISH STREET
SOUTH BOSTON VA 24592

**Loan Ending In:**
5399

**July 25, 2018**

**Case Number:**
<span style="color:red">Redacted</span>

Page 1 of 2

Correspondence received on june 25, 2018

Dear Mr. Coles

Our Regulatory Complaints team has received your correspondence that was addressed to Bank of America.

Bank of America understands the importance of listening to our customers. We appreciate the time you took to share your concerns. Please find a summary of our research and response to your concerns.

## Summary of our research

Our records indicate that Bank of America received a payoff check in the amount of $18,276.19, with an effective date of December 11, 2017. My research reveals that the transaction was reversed on December 28, 2017 because the check was not a negotiable instrument. Enclosed are copies of the loan transaction history and the December 2017 account statement for your reference.

## Proposed resolution

Bank of America is unable to further address the concerns set forth in your inquiry, as the information provided does not include enough detail for us to identify and appropriately research your concerns. If you send me additional documentation, such as copy of the check and bank account statements, I will research further.

Bank of America has an obligation to report your account payment history accurately to the credit bureaus, whether it is favorable or non-favorable. I have confirmed that we did not receive payments for your home loan for December 2017 through July 2018.

Therefore, we must respectfully decline your request that Bank of America remove the negative reporting from your credit file. Account information in your credit file cannot be revised or changed by the credit agencies unless you can demonstrate that the information is inaccurate or there was an error in reporting.

You have the option of contacting the following credit agencies to request that a statement of explanation be added to your credit file.

| | |
|---|---|
| Equifax | 800.685.1111 |
| Experian | 888.397.3742 |
| Innovis | 800.540.2505 |
| TransUnion | 800.916.8800 |

**For more information about help for homeowners**, visit bankofamerica.com/homeloanhelp or makinghomeaffordable.gov

**To check on the status of a loan modification**, go to bankofamerica.com/loanhelpstatus

C3_10058_10058_pg 2

C3 10045 11/28/2017

Bank of America 🏦

# Exhibit E

WT1 002 58-16
100 N TRYON STREET
CHARLOTTE, NC 28255-0001

SHAWON H COLES
123 3rd ST STREET
SOUTH BOSTON, VA 24592

**Loan Ending In:**
5399

August 13, 2018

**Case Number:**
<span style="color:red">Redacted</span>

Page 1 of 1

Correspondence received on: July 31, 2018

Dear Shawon Coles:

Our Regulatory Complaints team has received your correspondence that was addressed to Bank of America.

## What you need to know

We previously received a copy of a similar correspondence from you. Enclosed is a copy of our response letter regarding your concerns.

## Summary of enclosures

* Response Letter dated July 25, 2018

## Questions?

If you have any questions or would like to discuss the matter further, my phone number is 877.430.1431, extension 437800, and I'm available Monday through Friday, 8:00 a.m. to 4:30 p.m. Pacific.

Sincerely,

**For more information about help for homeowners**, visit bankofamerica.com/hometoanhelp or makinghomeaffordable.gov

**To check on the status of a loan modification**, go to bankofamerica.com/loanhelpstatus

Ronald Tankamnerd
Resolution Specialist
Regulatory Complaints

Bank of America, N.A. is required by law to inform you that this communication is from a debt collector. If you are currently in a bankruptcy proceeding or have previously obtained a discharge of this debt under bankruptcy law, this notice is for informational purposes only and is not an attempt to collect a debt, a demand for payment or an attempt to impose personal liability for a discharged debt.

Equal Housing Lender 🏠
Protect your personal information before recycling this document.

Exhibit F

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CT Corporation System
4701 Cox Rd. Suite 285
Glen Allen, VA 23060

2. Article Number (Transfer from service label)

9590 9402 4000 8079 5579 95

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

Exhibit G

Monthly Charges:

| Month Due | Principal & Interest Amount | Escrow Amount | Optional Products Amount | Total Monthly Charge |
|---|---|---|---|---|
| 01.06.2017 | $182.44 | $0.00 | $0.00 | $182.44 |
| 02.06.2018 | $263.45 | $0.00 | $0.00 | $263.45 |
| 03.06.2018 | $180.66 | $0.00 | $0.00 | $180.66 |
| 04.06.2018 | $188.66 | $0.00 | $0.00 | $188.66 |
| 05.06.2018 | $186.00 | $0.00 | $0.00 | $186.00 |
| 06.06.2018 | $192.60 | $0.00 | $0.00 | $192.60 |
| 07.06.2018 | $185.82 | $0.00 | $0.00 | $185.82 |
| 08.06.2018 | $192.60 | $0.00 | $0.00 | $192.60 |

Late Charges:

| Month | Amount |
|---|---|
| 01.06.2018 | $10.00 |
| 03.06.2018 | $13.17 |
| 04.06.2018 | $10.00 |

| | |
|---|---|
| Total Monthly Charges: | $1,576.23 |
| Current Late Charges: | $33.17 |
| Prior Unpaid Late Charges: | $0.00 |
| Total Other Charges Fees: | $0.00 |
| Partial Payment Balance: | $0.00) |

**TOTAL DUE**                                    $1,609.40

You have the right to cure the default. To cure the default, on or before September 25, 2018, Bank of America, N.A. must receive the amount of $1,609.40 plus any additional regular monthly payment or payments, late charges, fees and charges, which become due on or before September 25, 2018. **Please contact the Home Loan Team at 800.669.1904 to verify the amount necessary to cure the default and bring your loan current.**

The default will not be considered cured unless Bank of America, N.A. receives "good funds" in the full amount as set forth in the previous paragraph on or before September 25, 2018. This means that if any check (or other payment) is returned to us for insufficient funds or for any other reason, then "good funds" will not have been received and the default will not have been cured. No extension of time to cure will be granted due to a returned payment. Bank of America, N.A. reserves the right to accept a partial payment of the total amount due without waiving any of its rights herein or otherwise. For example, if less than the full amount that is due is sent to us, we can keep the payment and apply it to the debt but still proceed to foreclosure since the default would not have been cured.

The failure to cure the default on or before September 25, 2018, may result in acceleration of the sums secured by the security instrument and sale of the property. You have the right to reinstate after acceleration and the right to bring a court action or assert in court the non-existence of a default or any other defense to acceleration and sale.

Bank of America, N.A. and the Noteholder shall be entitled to collect all expenses incurred by Bank of America, N.A. and the Noteholder in pursuing any of their remedies provided in the security instrument, including but not limited to reasonable attorney's fees and costs of title evidence, to the full extent permitted by law. If your property is foreclosed upon, the Noteholder may pursue a deficiency judgment against you to collect the balance of your loan, if permitted by law.

2336029380

**Bank of America**

# Exhibit H

Notice Date: August 10, 2018

SHAWON T COLES
1325 IRISH ST
SOUTH BOSTON, VA 24592-2601

Account No.: <span style="color:red">Redacted</span>

Property Address:

1325 IRISH ST
SOUTH BOSTON, VA 24592-2601

## Notice of intent to accelerate

**Este es un aviso importante respecto a su derecho a vivir en su casa. Favor de traducirlo de inmediato.**

**(This is an important notice concerning your right to live in your home. Have it translated at once.)**

Dear SHAWON T COLES:

Bank of America, N.A services the home equity loan described above on behalf of the holder of the promissory note (the "Noteholder"). The home equity loan is in serious default because the required payments have not been made. The total amount now required to cure this default, in other words, the amount required to bring the home equity loan current, as of the date of this letter is as follows:



Bank of America, N.A. is required by law to inform you that this communication is from a debt collector. If you are currently in a bankruptcy proceeding or have previously obtained a discharge of this debt under bankruptcy law, this notice is for informational purposes only and is not an attempt to collect a debt, a demand for payment or an attempt to impose personal liability for a discharged debt.

Exhibit I

**Bank of America**

PO Box 51785
Tampa, FL 33631-3785

**Customer service information**

Customer service:        800.669.5864
TDD/TTY users only:       800.300.6407
En Español:               800.295.0025
bankofamerica.com

HM 1      579 795 000 000022 #@01 SP 0.408

SHAWON T COLES
1325 IRISH ST
SOUTH BOSTON VA 24592-2601

Billing cycle: 08/01/2018 - 08/31/2018                    Account number: **Redacted**

This Statement Includes a Past-Due Amount. Please send a payment immediately. Access to your credit line may be affected while the past-due amount remains outstanding. If you have already sent a payment, please accept our thanks, and disregard this notice.

## Account summary

| | |
|---|---|
| Property address | 1325 IRISH ST |
| Average daily balance | $18,576.47 |
| Corresponding ANNUAL PERCENTAGE RATE | 5.7400% |
| Daily periodic rate | 0.01573% |
| Historical ANNUAL PERCENTAGE RATE | 5.7400% |
| Days in cycle | 23 |
| FINANCE CHARGE | $67.19 |
| Other fees and charges for the billing cycle* | $0.00 |

*For more information, please see the Other Important Information section of this statement.

## Payment details

| | |
|---|---|
| Periodic FINANCE CHARGE | $67.19 |
| Principal payment due | $105.99 |
| Past due amount | $1,688.28 |
| Minimum payment due 09/25/2018 | $1,861.46 |

**Redacted**

BANK OF AMERICA, N.A.
PO BOX 15227
WILMINGTON, DE 19886-5227

SHAWON T COLES
Property address:
1325 IRISH ST
SOUTH BOSTON, VA  24592

Account Number:                    **Redacted**

Minimum payment due 09/25/18          $1,861.46

*A late charge may be assessed 10 days from payment due date.*

| Additional principal | $ |
|---|---|
| Payment enclosed | $ |

**Redacted**

**Exhibit C**

Free Credit Scores & Credit Report Monitoring   Credit Karma - Credit Karma

Payment History

You've made 75% of payments for this account on time.

| | J | F | M | A | M | | | A | S | O | N | D |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2018 | | | | | | | | | | | | |
| 2017 | | | | | | | | | | | | |
| 2016 | | | | | | | | | | | | |
| 2015 | | | | | | | | | | | | |

| | |
|---|---|
| Last payment | Nov 1, 2017 |
| Current Payment Status | 120 - 149 Days Late |
| Worst Payment Status | 120 - 149 Days Late |

## Account Details

| | |
|---|---|
| Account status | Open |
| | Home Equity Loan |
| Responsibility | Individual |
| Remarks | Consumer disputes Account Phase |
| | 120 - 149 Days Late |
| Times 30/60/90 days late | 5/3/4 |



**comenity**

Comenity Bank
PO Box 182273
Columbus, OH 43218-2273

SHAWON COLES
1325 IRISH ST
SOUTH BOSTON VA 24592-2601

09/09/2018
Account Ending In: 5905

Dear SHAWON COLES,

This letter contains important information about your Ann Taylor credit card account. Comenity Bank issues your Ann Taylor credit card, and we handle all account-related matters.

As of the date of this letter, your Ann Taylor credit limit was lowered to $100.00. We lowered your credit limit for the following reason(s):

Significant decrease in credit score due to factors listed below

We apologize for any inconvenience this may cause. If you have any questions, please call us at 1-866-730-7902 (TDD/TTY 1-800-695-1788). We will be happy to help you.

Sincerely,

Payment Solutions team

Below you will find some additional information regarding your credit score. Your score can change over time as your credit information changes.

**Your credit score as of Aug 07, 2018: 530**
In the scoring system we used, scores can range from 479 to the best possible score, 898. Please be aware, there are a number of different credit scoring systems available, and each uses a different range of numbers.

Here are the most significant factors impacting your credit score:

* Open revolving account balance/credit amount ratio is too high
* Time since oldest account opened is too recent
* No bankcard accounts with a valid credit amount
* Average time since accounts opened is too recent

If you feel the credit history information shown above is inaccurate, we encourage you to contact the credit bureau listed in this letter. They will be able to provide you answers about your credit history and how to correct any inaccuracies.

**Send Correspondence To**
Comenity Bank
PO Box 182273 Columbus, OH 43218-2273
**All Bankruptcy Notices/Related Correspondence To**
PO Box 182125 Columbus, OH 43218-2125







comenity

connections that count

Comenity Bank
PO Box 182273
Columbus, OH 43218-2273

SHAWON COLES
1325 IRISH ST
SOUTH BOSTON VA 24592-2601

09/09/2018
Account Ending In: 8187

Dear SHAWON COLES,

This letter contains important information regarding your Express credit card. Comenity Bank issues your Express credit card and we handle all account-related requests.

As of 09/09/2018, your Express account was closed due to account inactivity and information in your credit report.

No more purchases can be placed on your account. If you have any future payments scheduled to come out of this account, please make new arrangements as soon as possible.

Here are our reasons for closing your account:

- High outstanding balances in relation to credit limit
- Limited Credit Experience
- Insufficient Credit Experience - Credit history incomplete

Below you will find some additional information regarding your credit score. Your score can change over time as your credit information changes, and we hope you will consider reapplying for a Express credit card in the future.

If you have any questions about this notification or your Express account, please contact us at 1-800-201-4955 (TDD/TTY 1-800-695-1788). We will be happy to assist you.

Sincerely,

Customer Care team

**Your credit score as of Aug 07, 2018: 530**
In the scoring system we used, scores can range from 479 to the best possible score, 898. Please be aware, there are a number of different credit scoring systems available, and each uses a different range of numbers.

Here are the most significant factors impacting your credit score:

- Open revolving account balance/credit amount ratio is too high



**Send Correspondence To**
Comenity Bank
PO Box 182273 Columbus, OH 43218-2273
**All Bankruptcy Notices/Related Correspondence To**
PO Box 182125 Columbus, OH 43218-2125

comenity
Connections that count

Exhibit M

Comenity Bank
PO Box 182273
Columbus, OH 43218-2273

SHAWON COLES
1325 IRISH ST
SOUTH BOSTON VA 24592-2601

09/09/2018
Account Ending In: 7305

Dear SHAWON COLES,

This letter contains important information about your Victoria's Secret credit card account. Comenity Bank issues your Victoria's Secret credit card, and we handle all account-related matters

As of the date of this letter, your Victoria's Secret credit limit was lowered to $100.00. We lowered your credit limit for the following reason(s):

Significant decrease in credit score due to factors listed below

We apologize for any inconvenience this may cause. If you have any questions please call us at 1-800-695-9478 (TDD/TTY 1-800-695-1788). We will be happy to help you.

Sincerely,

Payment Solutions team

Below you will find some additional information regarding your credit score. Your score can change over time as your credit information changes.

**Your credit score as of Aug 07, 2018: 530**
In the scoring system we used, scores can range from 479 to the best possible score, 898 Please be aware there are a number of different credit scoring systems available, and each uses a different range of numbers.

Here are the most significant factors impacting your credit score:

- Open revolving account balance/credit amount ratio is too high
- Time since oldest account opened is too recent
- No bankcard accounts with a valid credit amount
- Average time since accounts opened is too recent

If you feel the credit history information shown above is inaccurate we encourage you to contact the credit bureau listed in this letter. They will be able to provide you answers about your credit history and how to correct any inaccuracies.

**Send Correspondence To**
Comenity Bank
PO Box 182273 Columbus OH 43218-2273
**All Bankruptcy Notices/Related Correspondence To**
PO Box 182125 Columbus OH 43218-2125